# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JACK C. WANG,
      Appellant,

     v.

DEPARTMENT OF HOMELAND
  SECURITY,
      Agency.

DOCKET NUMBER
DC-315H-18-0660-I-1

DATE: July 26, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jack C. Wang</u>, Gaithersburg, Maryland, pro se.

<u>James Read</u>, Washington, D.C., for the agency.

<u>Patrick D. Dyson</u>, Esquire, Orange, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      This case is before the Board on the appellant's petition for review of the initial decision that dismissed the appeal of his termination for lack of jurisdiction. For the reasons set forth below, we REVERSE the initial decision,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

find that the Board does have jurisdiction over this appeal, and REVERSE the agency's action, retroactively restoring the appellant to his position.

**BACKGROUND**

¶2     On September 18, 2016, the appellant was appointed to the excepted service position of Immigration Analyst (IA), GS-9, in the Asylum Division of the agency's U.S. Citizenship and Immigration Services (USCIS).  The appointment was intended to continue for 2 years.  Initial Appeal File (IAF), Tab 26; Tab 9 at 70.  While so employed, he applied for another position within USCIS and was selected, resulting in his reassignment on August 20, 2017, to the excepted service position of Supervisory CIS Assistant (SCISA), GS-9.  This position was also intended to continue for 2 years.  IAF, Tab 9 at 69.  Three months later, the appellant applied for another position and was again selected, resulting in his conversion on November 26, 2017, to a career-conditional competitive service position, Program Analyst (PA), GS-11, in the agency's Office of Inspector General (OIG).[2]  *Id.* at 68.  On June 13, 2018, the Acting Counsel to the OIG notified the appellant that he would be terminated during his probationary period, effective that day, for failure to perform his duties in an acceptable manner, specifically, for endeavoring to use his official position to secure, for personal reasons, documents he was otherwise unable to obtain.  *Id.* at 36, 35.  The agency informed the appellant that he had only limited Board appeal rights because of his probationary status.  *Id.* at 38.

¶3     On appeal, the appellant argued that he was not a probationary employee when he was terminated because, prior to his appointment to the PA position, he had already completed more than 1 year of current continuous service based on his time in the GS-9 positions.  IAF, Tab 1 at 6.  On that basis, he argued, he was

---

[2] The Standard Form 50 showing the appellant's appointment to this position initially indicated that he had completed a probationary period, IAF, Tab 9 at 68, but it was subsequently corrected to show that the appointment was subject to the completion of a 1-year probationary period beginning November 26, 2017.  *Id.* at 31.

entitled to the due process rights of an "employee" under 5 U.S.C. § 7511(a)(1)(A). *Id.*; IAF, Tab 8 at 5. The agency contended that the appellant was not an "employee" because, immediately preceding his termination, he had not completed 1 year of current continuous service in the competitive service without a break in service of a workday, and that his prior service could not be tacked onto his current service to meet the requirement of a 1-year probationary period because it was not in the same line of work. IAF, Tab 9 at 10. Accordingly, the agency urged that the appeal be dismissed for lack of jurisdiction because the appellant was a probationary employee when he was terminated and failed to make a nonfrivolous allegation of discrimination based on partisan politics or marital status. 5 C.F.R. § 315.806(b); IAF, Tab 9 at 10-12, 16; Tab 10.

¶4    In an order to show cause, the administrative judge advised the appellant of how he could show that he was an "employee" entitled to appeal his removal to the Board[3] and if he was not, how he could also show that he had completed his probationary period by tacking on prior service. IAF, Tab 13. In his response, the appellant argued that his previous service in the GS-9 positions could be tacked on to his service in the position from which he was terminated because they were all in the same line of work. IAF, Tab 14.

¶5    The administrative judge found it undisputed that, at the time of his removal, the appellant had not completed 1 year of service in the competitive service appointment from which he was terminated and that his prior two appointments were to positions in the excepted service. IAF, Tab 18. Regarding his claim that his prior service could be tacked on to meet the 1-year requirement for completion of his probationary period, the administrative judge found that he

---

[3] In so doing, the administrative judge stated that the appellant was required to show that, immediately preceding the adverse action, he had completed at least 1 year of current continuous service in the competitive service without a break in service (emphasis added). IAF, Tab 13 at 3.

had raised a nonfrivolous allegation, sufficient to proceed to a jurisdictional hearing. *Id.* The parties made additional submissions, IAF, Tabs 24-25, after which the administrative judge determined that the issue to be resolved was whether the appellant established by preponderant evidence that his prior excepted service positions were in the same line of work as the competitive service position from which he was terminated. IAF, Tab 26.

¶6       The administrative judge issued an initial decision in which she dismissed the appeal for lack of jurisdiction finding that the appellant was an individual in the competitive service with less than 1 year of service at the time of his termination. IAF, Tab 28, Initial Decision (ID) at 5. The administrative judge further found that his previous service in the two excepted service positions could not be tacked on to his service in his competitive service position so as to complete the requirement of a 1-year probationary period because the appellant's prior excepted service appointments were not in the same line of work as his competitive service Program Analyst position. ID at 5-13. Because the administrative judge found that the appellant was serving a probationary period at the time of his termination, she determined that he could only appeal his termination if he made a nonfrivolous allegation that the termination was based on partisan political reasons or marital status, and that, because he did not allege either of these reasons as grounds for his termination, the Board lacked jurisdiction over the appeal. 5 C.F.R. § 315.806(b); ID at 13-14. Accordingly, she dismissed the appeal on that basis. ID at 1, 14.

¶7       The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded, PFR File, Tab 3, and the appellant has replied. PFR File, Tab 4.

## ANALYSIS

### The appellant is an employee under 5 U.S.C. § 7511(a)(1)(A)(ii).

¶8      The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant must prove by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i). For the Board to have jurisdiction over an appeal from a competitive service termination, the appellant must: (i) not be serving a probationary or trial period under an initial appointment; or (ii) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. §§ 7511(a)(1)(A), 7512(1), 7513(d). The U.S. Court of Appeals for the Federal Circuit has held that an individual who is excluded from "employee" status under 5 U.S.C. § 7511(a)(1)(A)(i) is nevertheless an "employee" if the individual meets the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002). Accordingly, a competitive service employee serving a probationary or trial period may appeal to the Board if he has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.

¶9      Contrary to the agency's argument below, the appellant's two excepted appointments were not temporary. A review of their Standard Forms 50 shows that they were "conditional" in that they were subject to completion of a trial period, and that neither had a not-to-exceed date. IAF, Tab 9 at 70, 69. The fact that an appointment has a trial period does not make it a temporary appointment. A temporary appointment, by its very nature, would not require a probationary or trial period. *See Johnson v. Department of Veterans Affairs*, 99 M.S.P.R. 362, ¶ 9 (2005) (observing that an individual with a temporary appointment was not required to serve a probationary or trial period).

¶10    As noted, under 5 U.S.C. § 7511(a)(1)(A)(ii), a competitive service employee serving a probationary or trial period may appeal to the Board if he has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.  The Board has found that current continuous service need not be in the same or similar positions for an individual in the competitive service to qualify as an "employee" under section 7511(a)(1)(A)(ii).  *Claiborne v. Department of Veterans Affairs*, 118 M.S.P.R. 491, ¶ 6 (2012).  The Board has also found that, for competitive service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in Federal civilian employment of a workday.  *Id.*  In addition, the Board has interpreted that phrase to include prior service in either the competitive or excepted service.[4] *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 10 (2008).  There is no evidence in the record that the appellant had any break in Federal civilian employment of a workday between the date of his first excepted appointment on September 18, 2016, and his termination on June 13, 2018.  IAF, Tab 9 at 70, 69, 68, 35.  He worked in the excepted service position of a GS-9 IA from September 18, 2016, to August 19, 2017, and in the excepted service position of a GS-9 SCISA from August 20, 2017, to November 25, 2017, and in the competitive service as a GS-11 PA from November 26, 2017, until his termination on June 13, 2018.  Thus, the appellant completed more than 1 year of current continuous service under other than a temporary appointment limited to 1 year or less immediately preceding his termination from his competitive service

---

[4] To the extent the administrative judge stated or suggested that the appellant's service in the GS-9 positions could not, by virtue of their excepted service status, be considered in determining whether he had completed 1 year of current continuous service, *see, e.g.*, IAF, Tab 13 at 3, Tab 18 at 3, Tab 26 at 2-3, she erred.  *Fitzgerald v. Department of the Air Force*, 108 M.S.P.R. 620, ¶ 10 (2008).  However, in view of our findings in this decision, and the ultimate disposition, any such error did not prejudice the appellant's substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

appointment without a break in Federal civilian employment of a workday, and he therefore qualifies as an "employee" as defined by 5 U.S.C. § 7511(a)(1)(A)(ii) with Board appeal rights.[5]

¶11 An agency's failure to provide a public tenured employee with an opportunity to present a response, either in person or in writing, to an appealable agency action that deprives him of his property right in his employment constitutes an abridgement of his constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985). Here, the agency notified the appellant on June 13, 2018, that his employment was being terminated that same date. IAF, Tab 9 at 36. He was not provided an opportunity to respond until after his termination. *Id.* at 38-40. Therefore the agency's termination procedures did not provide him with his constitutional right to minimum due process of law. Accordingly, the agency's action must be reversed. *See Claiborne*, 118 M.S.P.R. 491, ¶ 8 (reversing an agency's action where the appellant was not provided with an opportunity to respond to the charges).

## ORDER

¶12 We ORDER the agency to cancel the appellant's termination and to restore him effective June 13, 2018. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶13 We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this

---

[5] In light of this conclusion, we need not address the appellant's claim on review that the administrative judge erred in finding that the appellant's prior service could not be tacked on to his current service to meet the 1-year probationary period requirement, which would otherwise have rendered him an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i).

decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶14     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶16     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT**
**REGARDING YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g) or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1202.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for

                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.